**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **LARRY THOMAS, Jr.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:26-cv-173 (MTT)** |
| | ) | |
| **Chief Judge LESLIE A. GARDNER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER**

On May 5, 2026, Plaintiff Larry Thomas Jr., proceeding pro se, filed his complaint. ECF 1. That same day, he filed a motion to proceed *in forma pauperis* ("IFP"). ECF 2. On May 29, 2026, he moved for recusal and for the Court to transfer this case out of the Middle District of Georgia. ECF 5. For the following reasons, Plaintiff's motion to proceed IFP (ECF 2) is **GRANTED**. Plaintiff's motion for recusal (ECF 5) is **DENIED**. The Court must screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons explained below, the complaint (ECF 1) is frivolous and **DISMISSED**.

## I. DISCUSSION

### A. Motion to Proceed IFP

28 U.S.C. § 1915(a) governs motions to proceed IFP. It provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such

> prisoner possesses that the person is unable to pay such fees or give security therefor.[1]

When considering a motion to proceed IFP filed under § 1915(a), "the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citation modified). A plaintiff is not required to show he is "absolutely destitute." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Rather, "an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307–08).

However, § 1915(a) "should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Rather, it "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014). District courts have "wide discretion" in deciding whether a plaintiff can proceed IFP, and "should grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306.

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

The Court has reviewed Plaintiff's IFP affidavit. Plaintiff's affidavit establishes that he cannot pay the court fees without undue hardship. ECF 2. Thus, Plaintiff's motion to proceed IFP (ECF 2) is **GRANTED**.

**B. Recusal**

Plaintiff moves to "disqualify" the Court and all judges in the Middle District of Georgia and to transfer the case to another district because Plaintiff sues "all Middle District of Georgia judges." ECF 5 at 1. Plaintiff also states that the Court is involved in other cases Plaintiff has brought and appealed.[2] *Id.* A judge "shall disqualify himself" when he is a party to the proceeding. 28 U.S.C. § 455(b)(5)(i); *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) ("[A] judge should recuse himself under § 455(b) when any of the specific circumstances set forth in that subsection exist."). But under the rule of necessity, when a plaintiff "indiscriminately brings suit against all of the judges of a court, the judges may hear the case if there is no other judge from that court available to hear it." *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (citing *Bolin v. Story*, 225 F.3d 1234, 1238–39 (11th Cir. 2000)); *see also Humanitarian v. Leary*, 2024 WL 3297684, at *2 (M.D. Ga. June 21, 2024) (applying the rule of necessity in a case brought by Plaintiff); *Humanitarian v. Treadwell*, 2024 WL 4700682, at *2 (M.D. Ga. Oct. 23, 2024) (same).

[2] Both appealed cases involve every district court judge in the Middle District of Georgia. *See Humanitarian v. Leary*, 2024 WL 3297684, at *2 (M.D. Ga. June 21, 2024) ("Plaintiff sues every district court judge and magistrate judge in the Middle District of Georgia."); *Humanitarian v. Treadwell*, 2024 WL 4700682, at *2 (M.D. Ga. Oct. 23, 2024) ("[E]very judge in this district has a personal interest in this case and, thus, no other judge is available to preside." (citation modified)).

In this case, Plaintiff sues every district judge in the Middle District of Georgia,[3] so no other district court judge is available to hear the case. ECF 1 at 2–6; 5 at 1. The rule of necessity thus applies, and Plaintiff's motion for recusal (ECF 5) is **DENIED**.

### C. Frivolity Review

Section 1915 does not create an absolute right to proceed IFP in civil actions. "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Martinez*, 364 F.3d at 1307 (citation modified). When allowing a plaintiff to proceed IFP, the Court shall dismiss the case if the Court determines that the complaint (1) "is frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[4] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing

[3] Plaintiff does not sue United States Magistrate Judges Amelia Helmick or Alfreda Sheppard. ECF 1 at 1–6. Still, Plaintiff named prior magistrate judges as defendants and apparently believes he has sued every judge in the Middle District of Georgia. ECF 1 at 3; 5 at 1. In light of Plaintiff's manifest intent to sue every judge in the Middle District of Georgia, even if the Court could refer this case to a magistrate judge, that would be fruitless. *See* M.D. Ga. L.R. 72.1(6); 73(b). Moreover, given that Plaintiff's claims are fantastical, referral to a magistrate judge would be a waste of judicial resources.

[4] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the

*Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). However, because Plaintiff is proceeding pro se, his “pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.” *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation modified). Even so, “the district court does not have license to rewrite a deficient pleading.” *Osahar v. U.S. Postal Serv.*, 297 F. App’x 863, 864 (11th Cir. 2008).

Additionally, § 1915 “accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.” *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citation modified); *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (“[W]ildly implausible allegations in the complaint should not be taken to be true, but the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations.”). “A lawsuit is frivolous if its claims involve factual contentions that are fanciful, fantastic, irrational, and/or delusional.” *Porter v. Governor*, 667 F. App'x 766, 767 (11th Cir. 2016) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)). And “[a]though a *pro se* litigant generally should be permitted to amend a complaint, a district court need not allow amendment when it would be futile.” *Id.* (“[T]he claims are frivolous because they include allegations that are fanciful, fantastic, irrational, and/or delusional” and “[a]ny amendment in this case would have been futile because [Plaintiff’s] amended complaint would still have been subject to dismissal”); *Woldeab v. DeKalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (“[A] district court need

light most favorable to the plaintiff.” *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

not grant leave to amend when . . . a more carefully drafted complaint could not state a claim." (citation modified)).

Plaintiff's seventy-one-page complaint names eighteen defendants including district court judges, magistrate judges, attorneys, and members of the Clerk's Office. ECF 1 at 2–6. Plaintiff also brings suit against "unknown officers" and "unknown politicians," and Plaintiff lists the names of additional "wrongdoers," including Governor Brian Kemp and Superior Court Judge James Prine, Jr. *Id.* at 6, 16–17. The complaint asserts that Defendants engaged in a conspiracy the object of which was to allow federal judges to "unlawfully make money" by "investing in an illegal organization," collecting "money from defendants" whom they "unlawfully help to win cases," and by "illegal gambling and drug dealing." *Id.* at 19. Plaintiff states, "The course of conduct of the enterprise is to overthrow the United States Government" and that Defendants "will eventually change the democracy system in exchange for one that they have created of their own." *Id.*

The complaint alleges Defendants committed heinous acts against Plaintiff in furtherance of the conspiracy. It states that on June 13 and November 9, 2024, Defendants "victimized plaintiff by committing kidnapping, false imprisonment, tampering with a victim, retaliating against a victim, political corruption, public corruption, assault, battery, aggravated assault, aggravated sexual battery, aggravated sodomy, and attempted murder" and received bribes for their participation. *Id.* at 18. The complaint describes some of the acts. For example, it alleges that Defendants "committed aggravated sexual battery and aggravated sodomy against Plaintiff in the middle of the street while cars were passing" and that on a different date Defendants

"attempted to take Plaintiff's life by banging [P]laintiff's head against [a] solid concrete stairway and by forcefully choking Plaintiff['s] neck even after Plaintiff blacked out several times." *Id.* at 25–26, 30–31. "The common plan was to intentionally deny [P]laintiff [a]ll his constitutional rights and as a result [P]laintiff would take a loss of wages, undue delay, burden the [P]laintiff's cases, and a huge property loss." *Id*. at 19. Plaintiff lists twenty-four claims in addition to criminal "counts." *Id.* at 31–65. He requests millions in noneconomic damages from each defendant and "that a 13% daily charge be applied to all noneconomic damages." *Id.* at 65–71. He also requests "$2.5 [q]uadrillion in noneconomic damages" from Defendant Unknown Officers and "$333.3 [q]uadrillion in noneconomic damages" from Defendant Unknown Politicians. *Id.* at 70.

Plaintiff identifies previous related cases he brought in the Middle District of Georgia. *Id.* at 18. As Judge Sands observed in one of them, this is not the first time Plaintiff has made "such outlandish allegations and claims." *Thomas v. Prine*, 2026 WL 1691597, at *3 n.2 (M.D. Ga. June 11, 2026); *see Bilal*, 251 F.3d at 1350 ("On the question of frivolousness, a litigant's history of bringing unmeritorious litigation can be considered."). Many of Plaintiff's cases, like this case, involve allegations of conspiracy and violence by large groups of public officials. In *Prine*, Plaintiff alleged "that sixty defendants, including eleven state court judges and twenty-four attorneys, imprisoned Plaintiff in a federal courthouse on two separate occasions for a week-long period to perpetrate [] horrific violence." 2026 WL 1691597, at *3. In a different case, Plaintiff alleged Governor Kemp and others beat and sexually assaulted Plaintiff in the Thomas County Jail. *Thomas v. Prine, et al.*, Case No. 7:25-CV-13 (WLS), Dkt. No. 37 (M.D. Ga. May 22, 2026); *see also Thomas v. Governor's Off. for the State of Ga.*, Case No. 7:22-

CV-112 (WLS), Dkt. No. 20 (M.D. Ga. Oct. 18, 2022) (alleging a vast conspiracy involving sixty-six Defendants, including then-Governor Sonny Purdue). In another case, Plaintiff alleged "every judge in the Middle District of Georgia, the U.S. Attorney's office, and the clerk's office" conspired "to deprive Plaintiff of his constitutional and civil rights." *Leary*, 2024 WL 3297684, at *2.

As in previous cases, Plaintiff's "factually unsupported allegations are clearly baseless," "wholly incredible, irrational, and bordering on delusional." *Prine*, 2026 WL 1691597, at *3. A more carefully drafted complaint could not remedy the deficiency. Accordingly, the complaint (ECF 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915.

## II. CONCLUSION

Pursuant to 28 U.S.C. § 1915 and for the reasons set forth above, Plaintiff's motion to proceed IFP (ECF 2) is **GRANTED**, the motion for recusal (ECF 5) is **DENIED**, and the complaint (ECF 1) is **DISMISSED** as frivolous.[5]

**SO ORDERED**, this 9th day of October, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

[5] Plaintiff's motions to "correct record" (ECF 3; 4) are **DENIED as moot**. The docket reflects the defendants named in Plaintiff's complaint. *See* ECF 1 at 2–6.